IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARLON L. WATFORD, #R15678,  Plaintiff,  v.  HOWARD HARNER, JIM WINTERS, ROGER KERN, SCOTT OPOLKA, GUSTAVE VANDERHOVE, ROGER HOLT, RICHARD HARRINGTON, KIMBERY BUTLER, JACQUELINE LASHBROOK, BILLY ROSE, DAVID SEALS, THEODORE MEININGER, LLOYD HANNA, JANE DOE, and ROBERT DELRE,[1]  Defendants. | Case No. 18-cv-01313-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Marlon Watford, an inmate in the Illinois Department of Corrections ("IDOC"), filed this case alleging deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. Watford claims that Defendants have violated his religious rights protected by the First and Fourteenth Amendment and the Religious Land Use and Institutionalized Persons Act by depriving him of the Id-ul-Fitr feast, the opportunity to

---

[1] Now that Defendants have identified themselves by their proper names in their answers to the Complaint (Docs. 29 and 56), the Clerk of Court is directed to modify the docket sheet to reflect Defendants' proper names: Howard Harner, Jim Winters, Roger Kern, Scott Opolka, Gustave Vanderhove, Roger Holt, Richard Harrington, Kimberly Butler, Jacqueline Lashbrook, Billy Rose, David Seals, Theodore Meininger, Lloyd Hanna, and Robert Delre.

participate in the Ramadhan fast, and burdening the practice of his religion by making substitutions to his food tray. (Doc. 5, p. 5).

Several motions are now before the Court: Motion to Compel Evidence (Doc. 69), Motion for Discovery (Doc. 71), and Motion to Produce Deposition (Doc. 74) filed by Watford. Defendants have also filed two motions for extension of time to complete discovery. (Docs. 73 and 76).

## MOTION TO COMPEL EVIDENCE

Watford claims that Defendants have provided evasive and incomplete answers to his interrogatories and deficient documentation to his requests for the production of documents. (Doc. 69, p. 2). He asks the Court to compel Defendants to fully answer interrogatories #1, 3, 6, and 7 and to comply fully with his production of document requests #1, 2, 3, 4, and 5. (*Id.* at p. 11). Watford also includes a certification that he attempted to confer with Defendants regarding the disputes prior to filing this motion in accordance with Federal Rule of Civil Procedure 37(a)(1). (*Id* at p. 20). Defendants filed a reply in opposition arguing that Watford has been provided with the information as requested and that Defendants should not be forced to produce additional documents or information because he does not agree with the information provided. (Doc. 72). The Court will review each interrogatory and document production request in turn.

*Interrogatory #1*

Watford asks Defendant Vanderhove, "Is it IDOC/Menard serving size standard that one 'serving' of peanut butter is one ounce, one point five ounces, or two ounces, etc.?"

Defendant Vanderhove answers, "The serving size standard for one package of

peanut butter is three quarters of an ounce."

Watford argues that this answer is evasive because he wanted to know the recommended daily allowance serving size for a meal and not the size of the package.

The Court does not find this answer incomplete or evasive given the question that was asked. To the extent that Watford was seeking information regarding what serving of peanut butter is recommended or prescribed for a meal at Menard, that was not stated in the interrogatory. (*See* Doc. 69, p. 15). The Court is unclear, however, why Defendant Vanderhove did not modify his answer after Watford contacted Defendants' counsel on January 21, 2020, notifying Defendants of the confusion. (*Id.* at p. 20). Accordingly, Defendant Vanderhove is directed to respond to the interrogatory as now clarified by May 4, 2020.

*Interrogatory #3*

Watford asks Defendant Howard Harner, Lloyd Hanna, and Jim Winters, "is it IDOC/Menard protocol that offenders who transfer from another institution will be permitted to participate in the Holy Month of Ramadhan Fast at the Menard Correctional Center?"

Defendant Jim Winters answers, "I am unaware of the process for how the Chaplain decides to pre-approve an offender to be permitted to participate in the Holy Month of Ramadan. However, I would receive a list from the Chaplain with a list of names of offenders who were preapproved and those offenders would be added to the list to meet their dietary needs."

Watford argues that this statement is untrue because dietary staff is provided a memo informing them that transferring inmates will be permitted to participate in the

Fast. A disagreement with Defendant Winters's answer, however, is not "the proper subject of a motion to compel." *Hashim v. Ericksen*, 14-cv-1265, 2016 WL 6208532, at *1 (E.D. Wisc. 2016). As such, Watford's request to compel further response for Interrogatory #3 is denied.

*Interrogatory #6*

Watford asks Defendants Theodore Meininger and Scott Opolka, "On Tuesday, Thursday, Saturday, and Sunday for lunch meal does the kosher religious diet trays are served with a cold tray filled with a full salad, salad dressings, crackers, vegetable, and fruit?"

Defendant Scott Opolka answers, "I am not sure of the answer to this question. I do not currently work in the inmate's kitchen which is the area that prepares the diet trays for the entire institution."

Defendant Theodore Meininger answers, "I do not know the answer to the question. I do not prepare lunch menus."

Watford argues that both defendants answering have access to that information and are trained in the preparation and serving of food trays. A "good faith response to an interrogatory is that the respondent does not know the information asked, and cannot make reasonable efforts to learn the information[.]" *Vukadinovich v. Hanover Cmty. Sch. Corp.*, No. 13-cv-144, 2014 WL 667830, at *5 (N.D. Ind. 2014). Furthermore, "under the Federal Rules, it is not sufficient for a party to blankly state it cannot answer an interrogatory…If a party genuinely does not know an answer, it must indicate that the information is unavailable. If only some information is available, that information must be provided, but a prefatory statement may be used to place the answer in context." *Bell*

*v. Woodward Governor Co.*, No. 03-c-50190, 2005 WL 289963, at *5 (N.D. Ill. 2005). Although Defendants state that they do not know the information asked because they do not prepare the meals, they have failed to explain why they, as staff at Menard, could not obtain this information with reasonable effort. The Court orders Defendants Opolka and Meininger to answer Interrogatory #6 by May 4, 2020, by written response or under Federal Rule of Civil Procedure 33(d) or explain why they are unable to obtain the information necessary to fully respond. Each defendant's answer must include a detailed explanation of his efforts to obtain the information and the reason his efforts were not successful.

*Interrogatory #7*

Watford asks Defendant Theodore Meininger, "What is the protein count and overall nutrition facts for one serving of Tofu on the LACTO-OVO-VEG religious diet tray?"

Defendant Theodore Meininger answers, "I do not know."

Watford argues this answer is evasive as a food supervisor has a duty to provide such information during the food serving line in the dining hall and the requested information is on the box of the tofu packaging. Again, "personal lack of knowledge does not excuse [a party's] failure to answer the interrogatories." *Jones v. Syntex Lab., Inc.* No. 99-c-3113, 2001 WL 1338987, at *3 (N.D. Ill. 2001). The Court grants Watford's motion to compel a response to Interrogatory #7. Defendant Meininger is ordered to answer Interrogatory #7 by May 4, 2020. If Defendant Meininger cannot obtain the information necessary to fully respond, his answer must include a detailed explanation of his efforts to obtain the information and the reason his efforts were not successful.

*Document Request #1*

Watford states he requested the Therapeutic Diet Menu and Defendants only provided him a "useless menu" and cites to exhibit 10 included in his motion. (Doc. 69, pp. 7, 49). Exhibit 10 is in fact a copy of the Therapeutic Menu. According to Watford's Interrogatories and Production of Documents submitted to Defendants, however, he requested a copy of IDOC's Therapeutic Diet *Manual.* (*Id.* at p. 14). As there appears to be confusion over the document requested, Defendants are directed to respond to the request for a copy of a Therapeutic Diet Manual by May 4, 2020.

*Document Request #2*

Watford also requested a copy of any and all documentation depicting the weight, nutrition facts, and ingredient list of the individual packet of Lucky Peanut Butter. He states that Defendants only gave him a copy of Lucky Peanut Butter's ingredient list (*see Id.* at p. 18), and have not turned over any nutritional information. As Defendants have not provided an explanation for why the nutritional information of Luck Peanut Butter was not provided, the Court grants the motion to compel the production of document request #2. Defendants shall produce the document requested by May 4, 2020.

*Document Request #3*

Watford askes for all documentation setting the menu for 2017, 2018, and/or 2019, including menus, food served log sheets, kosher tray injunctive order, and the protocol for kosher trays. He states he has not been provided with the kosher tray food log sheets concerning the food that is served. According to the exhibits he has included with his motion, Watford received copies of a kosher tray menu and guidelines sheet (Doc. 69, p. 48), therapeutic menus for fiscal year 2013 (*Id.* at p. 49-55), therapeutic diet order form

(*Id.* at p. 56), therapeutic diet monthly compliance report (*Id.* at p. 57), and vegan master menu for fiscal year 2013 (*Id.* at p. 63-67). It does not appear Defendants have provided Watford copies of the kosher food log sheets. In their response, Defendants do not raise an objection to this request, but simply state they have produced all documents related to his allegations. (Doc. 72, p. 1). It is not clear by this statement whether Defendants have attempted to locate the log sheets and why they could not obtain them. Watford's motion to compel production of document #3 is therefore granted. Defendants shall respond to the request and provide Watford copies of kosher tray food log sheets concerning food served for 2017, 2018, and 2019, as requested by May 4, 2020.

*Document Requests #4 and #5*

Watford requested copies of documentation reflecting nutrition facts, weight, and serving size for all five kosher trays, such as labels and package box side panels and the nutrition facts of the salad served on the LACTO-OVO-VEG religious diet trays. He states he was not provided the nutrition facts for the prepackaged kosher trays or the LACTO-OVO-VEG diet trays. (Doc. 69, p. 9). Defendants do not raise an objection to providing nutritional information or a reason for why these documents were not produced. Accordingly, Watford's motion to compel production of document request #4 and #5 is granted to the extent he is requesting the nutrition facts and information for the prepackaged kosher trays and the LACTO-OVO-VEG religious diet trays. Defendants are ordered to provide Watford any and all documents that specify the specific nutritional information of each item in the prepackaged kosher trays and the LACTO-OVO-VEG religious diet trays by May 4, 2020.

## MOTION FOR DISCOVERY

Watford has also filed a motion for discovery arguing that Defendants have failed to fully comply with his discovery requests and have information and relevant documents that are pertinent and essential to his claim. (Doc. 71). Defendants' counsel states that, as an oversight, initial disclosures were not sent to Watford, but would be sent by March 13, 2020. Counsel states that Watford sent a discovery request on October 24, 2019, which was responded to on November 22, 2019, and he sent an additional request on February 24, 2020, and Defendants have until March 25, 2020, to respond. (Doc. 75). As Watford has been provided initial disclosures and his motion to compel evidence is granted in part, the Court will deny this motion at this time. Watford may file a new motion to compel if Defendants fail to respond to further requests for the production of documents. In the motion Watford must specify what documents he seeks that Defendants failed to produce. *See* FED. R. CIV. P. 37(a)(3)(B)(iii) and (iv). Watford must again include a certification that he attempted to resolve the issue with Defendants in good faith prior to filing the motion.

## MOTION TO PRODUCE DEPOSITION FOR PHOTOCOPYING

Watford argues that following his deposition counsel for Defendants informed him that he would be allowed to photocopy his deposition testimony at his facility, but then later told him he would have to contact the court reporter for a copy. (Doc. 74). He claims that counsel informed staff at Menard legal office to prohibit him from copying his deposition at the law library. He asks the Court to compel Defendants' counsel to produce the deposition for inspection and photocopying. Counsel for Defendants filed a response denying that she told Watford he would be allowed to photocopy his deposition

at the facility or that she told Menard staff to deny him access to the law library. (Doc. 77).

"An inmate is not constitutionally entitled to a free copy of documents prepared at the expense of another." *Mounson v. Chandra,* No. 04-cv-365, 2009 WL 1209045, at *1 (S.D. Ill. 2009) (*citing United States v. McCollum,* 426 U.S. 317 (1976)). Watford's deposition was taken by Defendants, and he was informed in a letter by Defendants' counsel on how he can pay and receive a copy. (*See* Doc. 74, p. 9). Because he is not entitled to a free copy of the entire transcript, the motion is denied.

#### MOTION FOR EXTENSION OF TIME TO COMPLETE DISCOVERY

Defendants have filed two motions for extension of time requesting additional time to respond to Watford's First Request for Admission (Docs. 73 and 76). The requests for an extension are granted. Defendants shall have until April 30, 2020, to file their responses to Watford's First Request for Admissions.

#### DISPOSITION

**IT IS HEREBY ORDERED** that the Motion to Compel Evidence (Doc. 69) filed by Watford is **GRANTED in part** and **DENIED in part**. Defendant Vanderhove **SHALL** respond to Interrogatory #1, as now clarified, by **May 4, 2020**. Defendants Opolka and Meininger **SHALL** respond to Interrogatory #6 by **May 4, 2020,** and Defendant Meininger **SHALL** respond to Interrogatory #7 by **May 4, 2020**.

Defendants are further **ORDERED** to produce document requests #1, #2, #3, #4, and #5 in accordance with this Order by **May 4, 2020.**

**IT IS FURTHER ORDERED** that the Motion for Discovery (Doc. 71) and the Motion to Produce Deposition (Doc. 74) filed by Watford are **DENIED**. The Motions for

Extension of Time to Complete Discovery (Docs. 73 and 76) are **GRANTED.** Defendants' responses to Watford's First Request for Admissions are due **April 30, 2020**.

Finally, the Clerk of Court is **DIRECTED** to modify the docket sheet in accordance with footnote 1.

**IT IS SO ORDERED.**

**DATED:** March 19, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**