IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARLON L. WATFORD,

        **Plaintiff,**

v.

HOWARD HARNER, et al.

        **Defendant.**

Case No. 18-cv-1313-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court for review of plaintiff Marlon L. Watford's ("Watford") recent filings. On January 31, 2022[1], Watford filed a 108-page document entitled, "Motion in Opposition of Summary Judgment Motion" (Doc. 158) as well as a 789-page document entitled "Motion for Cross-Summary Judgment" (Doc. 159).

## BACKGROUND

This action arises out of a complaint filed on June 22, 2018 by Watford, an inmate at Menard Correctional Center ("Menard") (Doc. 1). Within the complaint, Watford seeks compensatory and punitive damages, as well as injunctive relief (*Id*).

A preliminary review was conducted of the complaint pursuant to 28 U.S.C. § 1915 and it was determined that Watford could proceed on the following three counts:

> **Count 1** – Harner, Winters, Kerns, Opoka, Theo, Van Deckerhoff, Harrington, Butler, and Lashbrook have deprived Plaintiff of the Id-ul-

---

[1] On February 2, 2022, Menard Correctional Center notified the U.S. District Court for the Southern District of Illinois that its scanner had been down since January 25, 2022. On February 7, 2022, the Court received Watford's filings, along with a memorandum from the Menard Law Library that it had received the Watford's filing request on January 31, 2022, so the filing of his documents reflects the date of receipt in the library.

> Fitr feast, while providing meals to celebrate Christian feasts, burdening his sincerely held religious beliefs in violation of the First Amendment, Fourteenth Amendment, and/or RLUIPA;
>
> **Count 2** – Harner, Theo, Winters, Van Deckerhoff, Lashbrook, Rose, Seals, and John Doe deprived Plaintiff of the opportunity to participate in the Ramadhan fast between June 1, 2017 through June 24, 2017, while not treating other similarly situated inmates in the same manner, in violation of the First Amendment, Fourteenth Amendment, and /or RLUIPA;
>
> **Count 3** – Hanna, Winters, Kerns, Opoka, Holt, Van Deckerhoff, Theo, Jan Doe, and Lashbrook have substantially burdened Plaintiff's practice of his religion by making substitutions to his food tray in violation of the First Amendment, Fourteenth Amendment, and/or RLUIPA.
> (Doc. 5, p. 4).

On July 16, 2018, Watford filed a motion for preliminary injunction (Doc. 6). Briefing of the motion ensued, and on March 19, 2019, the Court denied the request for additional peanut butter and jelly packets, but directed Menard to provide Watford with the standard Lacto-Ovo veg tray for the duration of the litigation (Doc. 44).

While the motion preliminary injunction was being considered, the Court entered a Trial Practice Schedule on October 16, 2018, with discovery due by 3/2/2020, dispositive motions due by 4/1/2020 (Doc. 22). At that time, the parties were also advised that dispositive motions re exhaustion of administrative remedies were due by 12/17/18 (*Id.*). Of note, there were no dispositive motions filed re: exhaustion of administrative remedies; however, because of ongoing discovery issues, the deadline for filing of dispositive motions was extended to 9/10/2020 (Doc. 85).

On September 10, 2020, defendants requested an extension of time to file dispositive motions; said motion was granted, extending the time for filing to

9/24/2020 (Doc. 90). On September 24, 2020, defendants filed their initial motion for summary judgment, along with supporting memorandum of law and notice of Rule 56 (Docs. 94-96). The initial response date was 10/29/2020 (Doc. 94); however, at Watford's request, the response date was extended to 1/12/2021 (Doc. 106). Watford did not file a response to said motion; instead, he filed discovery motions and sought to file an amended complaint (Docs. 114-115 and 117-118). On January 14, 2021, Watford was advised to file a response to the motion for summary judgment by March 8, 2021 (Doc. 112). On March 2, 2021, Watford sought additional time, and on March 5, 2021, the Court stayed the response date due to discovery motions (Doc. 119).

On May 5, 2021, the Court issued an Order regarding several outstanding motions; however, that did not placate Watford (Doc. 129). On June 7, 2021, Watford filed "Plaintiff's Reply Motion to Defendants's Response Motion to Motion to Amend Amended Motion to Compel Evidence" (Doc. 130). Accordingly, this matter was set for hearing (Doc. 131).

On July 16, 2021, a hearing was held before the Court on Watford's motion to compel (Doc. 114), amended motion to compel (Doc. 115), and motion to amend (Doc. 117). At that time, the Court withdrew defendants' outstanding motion for summary judgment as it had been on file for almost ten (10) months with no response on file from Watford (Doc. 136). Following the hearing, defendants were ordered to produce all food logs and nutritional values of the items that constituted the salad trays, along with a Bates Log of all items produced in discovery, and Watford was to advise of any

deficiencies (Doc. 137). On August 31, 2021, defendants filed their notice regarding discovery (Doc. 142).

On October 4, 2021, more than 30 days after the filing of the notice by defendants, an amended scheduling order was entered with discovery due by 11/1/2021, dispositive motions due by 11/15/2021, final pretrial conference on 2/24/2022 and jury trial scheduled to commence on 3/15/2022 (Doc. 143). On October 15, 2021, approximately forty-five (45) days after defendants filed their notice regarding discovery on 8/31/21 and more than ten (10) days after the entry of the amended scheduling order, plaintiff filed an objection to the scheduling order and made allegations that defendants and their counsel were concealing discovery documents (Doc. 144)[2]. On November 12, 2021, Watford filed another motion to compel which the Court denied on November 24, 2021 as the issues raised were addressed and resolved at the July 2021 hearing (Docs. 146, 151).

On November 15, 2021, defendants filed their motion for summary judgment, along with supporting memorandum of law and notice of filing pursuant to Rule 56 of the Federal Rules of Civil Procedure (Docs. 147 – 149). On November 24, 2021, Watford was advised by the Court of the filings as well as the response date of December 27, 2021 (Doc. 152).

On December 17, 2021, Watford filed for a 60-day extension of time and requested additional discovery regarding matters outside the scope of his three claims

---

[2] The Court is constrained to note that Watford is incarcerated at Menard, which is a scan facility, and page 1 of his Motion indicates that it was scanned at Menard on 10-15-21, which is the same date it was filed with the Court.

because he was still preparing his own summary judgment motion[3] (Doc. 156). On December 20, 2021, the Court entered an Order that contained the following language regarding the extension:

> MOTION for Extension of Time filed by Marlon L. Watford is granted in part; Response to Motion for Summary Judgment is due on or before **January 31, 2022** and any reply is due fourteen (14) days thereafter. Because this matter is set for trial on March 15, 2022, no further extensions will be granted, absent extraordinary circumstances. Additionally, the discovery deadline and dispositive motions deadline have passed. (Doc. 157).

As hereinbefore mentioned, the lengthy response and cross-motion were received at Menard on January 31, 2022 and filed with the Court when the scanner was repaired.

## ANALYSIS

The Court wishes to address Watford's lengthy filings[4]. This Court reviewed the documents in an effort to discern what was being filed. Watford filed a 108-page response to the motion for summary judgment (Doc. 158); this Court reviewed the filing and broke it down as a 10 - page motion in opposition and a 96 - page memorandum of law in opposition to motion for summary judgment. Watford also filed a 789 - page cross motion (Doc. 159). Although filed as one document, the Court went through the filing(s) and breaks it down as follows:

| Document | Watford Page # | Court Reference |
|---|---|---|
| Cross Motion | 1-11 | Doc. 159 |
| Memo of Law (Book I) | | |
| Book I/Argument I | 1-48 | Doc. 159-1, pp. 1-48 |

---

[3] The Court notes that the dispositive motion deadline was November 15, 2021, which had already passed.
[4] The documents were scanned at Menard and were not broken down by motion, memorandum, etc. Additionally, the filings included the prisoner cover sheet as well as correspondence from Menard regarding date document(s) were received in the library.

| Book I/Argument II | 49-98 | Doc. 159-1, pp. 49-88; Doc. 159-2, pp. 1-10 |
|---|---|---|
| Book II/Argument II[5] | 99-126 | Doc. 159-2, pp. 11-39 |
| Ex. 1; Affidavit - Marlon Watford | 1-43 | Doc. 159-2, pp. 40-82 |
| Appendix A – I | Not numbered | Doc. 159-2, pp. 83-100 |
| Appendix I – V | Not numbered | Doc. 159-3, pp. 1-50 |
| Ex. 2; Affidavit of Marlon Watford | 1-50 | Doc. 159-3, pp. 51-100 |
| Continuation of Ex. 2 | 51-68 | Doc. 159-3, pp. 1-18 |
| Appendix A – I | Not numbered | Doc. 159-3, pp. 19 – 100 |
| Appendix I | Not numbered | Doc. 159-4, pp. 1-100 |
| Appendix I – K | Not numbered | Doc. 159-5, pp. 1-101 |
| Appendix K – L (237 pages) | Not numbered | Doc. 159-6, pp. 1-100 |
| Appendix L | Not numbered | Doc. 159-7, pp. 1-100 |
| Appendix L – O | Not numbered | Doc. 159-8, pp. 1-89 |
| Declaration of Filing | | Doc. 159-8, p. 90 |

At the beginning of each Appendix, Watford lists the number of pages for each Appendix; however, the only documents numbered are the cross motion, memorandum of law and Affidavits of Watford. Based upon the foregoing, it appears as if the memorandum of law is approximately 126 pages, not including the attached affidavits and appendices, which appear to be exhibits.

Local Rule 7.1(d) provides that, "No brief shall be submitted which is longer than 20 double-spaced typewritten pages in 12 point font." SDIL – LR 7.1. While the Court is mindful that Watford is incarcerated and his access to a typewriter is minimal, 108 and 126 pages are more than five times the district allowance. Furthermore, no motion was filed for leave to file an oversized brief. These voluminous filings are simply unacceptable.

---

[5] Although entitled Book II/Argument II, this Court was unable to locate Book II/Argument I.

The rule regarding page limitations is imposed to maintain judicial efficiency and to invoke fairness to opposing parties. *Wine & Canvas Development LLC, v. Weisser,* 2014 WL 1511673 (S.D. In. April 15, 2014). Page limitations are "designed as much for the benefit of the litigants as for the benefit of the court. If extra pages mean stronger argument, enforcement of the page limit protects those who obey the rules. B ut extra pages may not be stronger argument. A limitation induces the advocate to write tight prose, which helps his [client's] cause and avoids producing tedious, duplicative and unnecessarily long readings. *Morgan v. South Bend Community School Corp.,* 797 F.2d 471, 480–481 (7th Cir. 1986).

In varying contexts, case after case has recognized the importance of page limitations. *See, e.g., THI of New Mexico at Valle Norte, LLC v. Harvey,* 527 Fed.Appx. 665, 671–72 (10th Cir. 2013); *Apple, Inc. v. Samsung Electronics Co., Ltd.,* 2012 WL 2576136, *4 (N.D. Cal. 2012); *Swanson v. U.S. Forest Service,* 87 F.3d 339, 343 (9th Cir. 1996); *Frank v. United States,* 78 F.3d 815, 833 (2nd Cir. 1996); *Ervin v. Bowersox,* 1996 WL 634204, *15 (W.D. Mo. 1996). "Enforcing page limits and other restrictions on litigants is rather ordinary practice," "which is rather strictly, and cheerfully, enforced." *Watts v. Thompson,* 116 F.3d 220, 224 (7th Cir. 1997)."

This District has previously held that a 44-page handwritten complaint, accompanied by 239 pages of exhibits was repetitive, rambling and confusing. *See Williams v. Capps,* 2015 WL 4498775 (S.D. Il. July 23, 2015). In that case, the Court noted its own difficulty discerning the nature of plaintiff's claims and held that the

"unwieldy" length of the pleading would present great difficulty for any defendants to respond. *Id.* Similarly, Watford's response is unwieldy.

Watford is a *pro se* litigant, and as such, his pleadings are held to less stringent standards than those prepared by counsel. *Duncan v. Duckworth, 644 F.2d 653, 655 (7th Cir. 1981).* Nevertheless, *pro se* litigants are not entitled to a general dispensation from the rules of procedure or court-imposed deadlines. *Jones v. Phipps,* 39 F.3d 158, 163 (7th Cir. 1994).

On October 4, 2021, this Court entered an amended scheduling order whereby dispositive motions were due by November 15, 2021 (Doc. 143). Defendants filed their motion for summary judgment on November 15, 2021 (Doc. 147). Moreover, when this Court granted Watford an extension of time to file his response, he was again reminded on December 20, 2021 that the discovery deadline and dispositive motions deadline had passed (Doc. 157).

On January 31, 2022, more than 10 weeks after the deadline for filing dispositive motions, Watford filed his cross motion for summary judgment. *See Spears v. City of Indianapolis,* 74 F.3d 153, 157 (7th Cir.1996) (Courts have "a right to assume that deadlines will be honored.").

## CONCLUSION

For the reasons set forth above, the Court takes judicial notice of the voluminous nature of filings and **DENIES** Plaintiff's Motion for Cross Summary Judgment (Doc. 159) as untimely and in violation of court rules. As such, the court will not consider any of the arguments, attachments and/or exhibits set forth in the

Motion. The Court reluctantly accepts for filing plaintiff's Response in Opposition to Motion for Summary Judgment (Doc. 158) and reiterates that any reply by defendants is due on or before February 22, 2022[6], should they articulate "exceptional circumstances". The Court notes that if the Court were to grant Watford leave to attempt to correct the serious defects in his response, the Court would be required to continue the trial setting, which it is not inclined to do.

**IT IS SO ORDERED.**

**DATED: February 11, 2022**

/s/ Stephen P. McGlynn
**STEPHEN P. McGLYNN**
**U.S. District Judge**

---

[6] The Court notes that this date is fourteen (14) days of service of the response. SDIL-LR 7.1(c).