IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARLON L. WATFORD,** | |
| **Plaintiff,** | |
| v. | Case No. 18-cv-1313-SPM |
| **HOWARD HARNER, et al.** | |
| **Defendant.** | |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

This matter is before the Court on Plaintiff Marlon Watford's Motion for Leave to Appeal *in forma pauperis* ("IFP") on appeal (Doc. 184). Watford, an inmate incarcerated in the Illinois Department of Corrections and assigned to Menard Correctional Center, filed the underlying action pursuant to 42 U.S.C. § 1983 (Docs. 1, 5). On February 25, 2022, the undersigned granted summary judgment to defendants, and judgment was entered that same day (Docs. 177, 178). On March 25, 2022, Watford filed a Motion to Alter or Amend the Judgment (Doc. 181), which was denied on March 28, 2022. Watford filed a Notice of Appeal on April 22, 2022 (Doc. 183), and now seeks to appeal without prepayment of the appellate filing and docketing fee (Doc. 184).

## LEGAL STANDARD

A federal court may permit a party to proceed on appeal without full pre-payment of fees provided the party is indigent and the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) & (3); Fed. R. App. P. 24(a)(3)(A). A frivolous appeal cannot be made in good faith. *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). The test for determining

if an appeal is in good faith and not frivolous is whether any of the legal points are reasonably arguable on their merits. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967)); and *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000). A court's discretion in granting or denying IFP status is further limited by the "three strikes rule." In other words, a prisoner litigant may not "appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under *imminent danger of serious physical injury*." 28 U.S.C. § 1915(g) (emphasis added).

## DISCUSSION

On July 6, 2018, Watford was originally granted IFP status upon preliminary review of his Complaint (Doc. 4). The issue now is the "imminent danger of serious physical harm" exception to the three-strikes rule, as there is no dispute that Watford has three strikes against him.[1] Because Watford has "struck out" under 28 U.S.C. § 1915(g)[2], meaning at least three of his federal lawsuits have been dismissed as frivolous or malicious, or because they fail to state a claim, he is prohibited from filing a lawsuit or an appeal without full prepayment of the filing fee, unless he can show that he faces

---

[1] *See Watford v. Manning,* No. 19-cv-3868 (N.D. Ill. July 17, 2019) (dismissed with prejudice for failure to state a claim, and as duplicative and malicious); *Watford v. Doe,* No. 15-cv-9540 (N.D. Ill. October 11, 2017) (dismissed with prejudice for failure to state a claim and for failure to disclose litigation history); *Watford v. Quinn,* No. 14-CV-571 (S.D. Ill. August 5, 2014) (dismissed with prejudice for failure to comply with court order, failure to prosecute, and failure to state a claim).

imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In accordance with the foregoing, Watford argues that he should be permitted to proceed IFP because he is in imminent danger of suffering the physical injury of severe nutritional iron deficiency. He also claims the threat is real, proximate, and ongoing in that he is still subject to the occurrence of being deprived of the high quality protein of eggs and cheese[3].

The Court finds these arguments frivolous. Watford references a 2018 diagnosis of iron deficiency in an argument for peanut butter and cereal to be provided; however, the Court is constrained to note that he was started on iron replacements on December 5, 2018. The Court declines to find that he is in imminent danger of serious physical injury based on an alleged event that occurred almost four years ago.

For these reasons, Watford's Motion for Leave to Appeal in Forma Pauperis (Doc. 184) is DENIED. Watford shall tender the appellate filing and docketing fee of $505.00 to the Clerk of Court in this District within 30 days of the date of entry of this order. Alternatively, he may reapply for leave to appeal IFP directly with United States Court of Appeals for the Seventh Circuit.

**IT IS SO ORDERED.**

**DATED:** <u>May 9, 2022</u>

<u>/s/ Stephen P. McGlynn</u><br>
**STEPHEN P. McGLYNN**<br>
**U.S. District Judge**

---

[3] Watford's underlying complaints involved religious deprivations and food substitutions that were in contravention of his religious preferences. Additionally, Watford previously discussed peanut butter and banana substitutions, but did not mention eggs and/or cheese in his pleadings.